IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| ALGERNOA CRENSHAW | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| VS. | * | NO: 3:07CV00101 SWW |
| | * | |
| NUCOR CORPORATION | * | |
| | * | |
| Defendant | * | |
| | * | |

## ORDER

Plaintiff Algernoa Crenshaw ("Crenshaw") commenced this employment discrimination case against Defendant Nucor Corporation ("Nucor"). Before the Court is Nucor's motion and amended motion for attorney fees (docket entries #38, #39) and Crenshaw's response in opposition (docket entry #40). After careful consideration and for the reasons that follow, the motions for attorney fees will be denied.

In this case, Crenshaw claimed that Nucor discriminated against him on the basis of race by (1) denying him three promotions, (2) denying him training, (3) subjecting him to a racially hostile work environment, and (4) constructively discharging him--all in violation of Title VII, 42 U.S.C. § 1981, and the Arkansas Civil Rights Act. By order and judgment entered June 25, 2008, the Court granted Nucor's motion for summary judgment and dismissed Crenshaw's claims with prejudice.

Nucor asserts that Crenshaw pursued failure-to-promote claims even though Crenshaw's deposition testimony foreclosed any chance that he could prevail. Additionally, Nucor argues

that Crenshaw's constructive discharge claim was "groundless as a matter of law" and that shortly after Crenshaw filed his complaint, counsel for Nucor sent opposing counsel a detailed brief outlining Eighth Circuit law on constructive discharge and requested that Crenshaw voluntarily drop his claim. Nucor maintains that Crenshaw's failure to abandon his claims entitles it to an award of attorney fees pursuant to Title VII, 42 U.S.C. § 2000e-5(k), or as a sanction under Rule 11 of the Federal Rules of Civil Procedure.

A court may award a prevailing defendant attorney fees under Title VII only if the plaintiff's claim was "frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so." *See Meriwether v. Caraustar Packaging Co.*, 326 F.3d 990, 994 (8th Cir. 2003)(quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694 (1978)). Similarly, Rule 11 sanctions "are designed to discourage the filing of frivolous court papers or those that are 'legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith.'" *Hartman v. Hallmark Cards, Inc.*, 833 F.2d 117, 124 (8th Cir. 1987)(quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 154 (3d Cir.1986)).

As explained in the order granting summary judgment, despite Crenshaw's deposition testimony that he was not the most qualified applicant with respect to his first bid for promotion, he pursued his failure-to-promote claim on the theory that he lacked qualifications because Nucor discriminated against him in the area of training, a position that is entirely consistent with the complaint allegations. Crenshaw also claimed that Nucor's failure to promote and train him amounted to constructively discharge. In deposition, Crenshaw testified that he had no choice but to resign because Nucor set him up for failure because of his race. *See* docket entry #22, Ex. A, at 70-72. Although Crenshaw did not prevail, the Court cannot say that his failure-to-

promote and constructive discharge claims were baseless, frivolous, or pursued in bad faith. This finding precludes an award of attorney fees under Title VII or Rule 11.

IT IS THEREFORE ORDERED that Defendant's motion and amended motion for attorney fees (docket entries #38, #39) are DENIED.

IT IS SO ORDERED THIS 7th DAY OF AUGUST, 2008.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE